**5**

LISA HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Vincent Gorski, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KEYSTONE MINE MANAGEMENT II,<br><br>      Debtor. | Case No. 13-16845-B-7<br><br>Chapter 7 |
| VINCENT GORSKI,<br>Chapter 7 Trustee,<br><br>      Plaintiff,<br>  v.<br><br>KEYSTONE MINING COMPANY, a<br>California limited partnership;<br>KEYSTONE MINE MANAGEMENT,<br>LTD., a California limited partnership;<br>KIRK L. DU SHANE, JR., as general<br>partner of KEYSTONE MINING<br>COMPANY and KEYSTONE MINE<br>MANAGEMENT, LTD.<br>      Defendants. | Adversary No: 14-01112<br><br>KDG-2<br><br>**Memorandum Decision Regarding Motion for Rule 54(b) Findings Nunc Pro Tunc to April 2, 2015**<br><br>Date:     April 9, 2015<br>Time:    10:00 a.m.<br>Place:   U.S. Bankruptcy Court<br>         510 19th Street<br>         Bakersfield, California<br>Judge:  W. Richard Lee |

Lisa Holder, Esq. of Klein DeNatale Goldner appeared on behalf of plaintiff Vincent Gorski, Chapter 7 Trustee on the complaint only.

Meir Westrich, Esq. of the Law Offices of Meir Westrich, appeared on behalf of defendants Keystone Mining Company, a California limited partnership; and Keystone Mine Management, Ltd., a California limited partnership.

Phillip W. Gillet, Esq. of the Law Office of Phillip W. Gillet appeared on behalf of Debtor.

Vincent Gorski, Chapter 7 Trustee, appeared *pro se* on the counterclaim only.

RECEIVED
April 21, 2015
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005502718

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

**Procedural History.** On April 9, 2015, the court considered Plaintiff Vincent Gorski, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Keystone Mine Management II's ("Debtor") motion (a) to determine the judgment entered on April 2, 2015, in Trustee's favor and against defendants Keystone Mining Company, a California limited partnership; and Keystone Mine Management, Ltd., a California limited partnership (together, "Defendants"), is a final bankruptcy court order, and (b) to enter findings under Fed. R. Bankr. Proc. Rule 7054 and Fed. R. Civ. Proc. Rule 54(b).

Based on the moving and supporting papers filed by Trustee, and argument of counsel at the hearing, good cause exists to grant the Motion and enter findings under Rule 54. This memorandum decisions contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this adversary proceeding by Fed. R. Bankr. Proc. 7052. The court has jurisdiction under 28 U.S.C. § 1334, 11 U.S.C. § 362, and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (K).

**Background.** The bankruptcy commenced when Debtor filed a chapter 11 petition on October 21, 2013. The case was converted to chapter 7 on February 7, 2014, when Vincent Gorski was appointed chapter 7 trustee. (Court docket Nos. 1 and 104.) Debtor's Schedule A listed 50 U.S Bureau of Land Mines Claims (20 acres each) located in Inyo County, California as property of the estate. Schedule B listed equipment, which appears to be used in mining operations (together the "Mining Assets"). (Court docket No. 1.)

Trustee moved to sell the Mining Assets (Court docket No. 166 and related documents, KDG-2); moved to establish bidding procedures (Court docket No. 298 and related documents, KDG-3); and moved to compromise controversy/approve settlement agreement with Bush Management Company (Court docket No. 291 and related documents, KDG-4). Bush Management Company moved for relief from the automatic stay (Court docket No. 279 and related documents, MLA-1)(together, the "Contested Matters").

Trustee filed the instant adversary proceeding complaint on September 17, 2014, seeking to quiet title to the Mining Assets (the "Complaint," Adversary docket No. 1). On

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

September 22, 2014, the court, *sua sponte*, entered its order staying the Contested Matters until the adversary proceeding was adjudicated in the Trustee's favor. (Court docket No. 319.) Pursuant to a motion to dismiss the Complaint, the court dismissed Trustee's fourth claim for relief and Trustee waived leave to amend, so dismissal was with prejudice. (Adversary docket No. 30.) Defendants answered the Complaint and filed a counter-claim on December 23, 2014. The counter-claim asserted a single claim for relief against Trustee for breach of fiduciary duty. (Adversary docket No. 43). At the status conference on the adversary proceeding held January 8, 2015, the court noted, "I read the counterclaim, and I'm not going to do anything with it. I'm not even sure that I'm going to continue to entertain it. It has nothing to do with the original complaint. It's a totally new claim. I would certainly entertain a motion to dismiss it, but I'm not ruling on it today." The court then entered a civil minute order staying the counter-claim under further court order. (Adversary docket No. 52.)

Also on January 8, 2015, Trustee filed his motion for summary judgment, etc., on the Complaint only (Adversary docket No. 54 and related documents, KDG-1). The hearing on Trustee's motion for summary judgment was March 26, 2015. Neither the court nor counsel discussed the counter-claim at the hearing on the motion for summary judgment, where the court granted Trustee's motion. The judgment filed by the court on April 2, 2015 (document 144, hereafter "Judgment"), did not mention the counter-claim, and did not mention Fed. R. Civ. Proc. Rule 54(b), made applicable to the adversary proceeding by Fed. R. Bankr. Proc. Rule 7054 ("Rule 54").

**Issue Presented.** The sole issue presented is whether the Judgment is a final judgment as to the claims for relief adjudicated by the Judgment when the counter-claim was not also adjudicated. Under Rule 54(b), the court may enter final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. By the instant motion, Trustee requested the court find the Judgment is a final order in the bankruptcy proceeding because its ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.

"Under 28 U.S.C. § 158(d), appellate jurisdiction exists when the bankruptcy court order and the decision of the district court acting in its bankruptcy appellate capacity are both final orders. Ordinarily, a final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000), internal citations omitted. The Ninth Circuit has "adopted a "pragmatic approach" to finality in bankruptcy because "certain proceedings in a bankruptcy case are so distinctive and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right." *Id.* The court noted "[o]ur approach "emphasizes the need for immediate review, rather than whether the order is technically interlocutory ..."" *Id.*; internal citations omitted.

**Analysis.** Here, the court finally decided the issue as to the bankruptcy estate's and Trustee's ownership of the Mining Assets. Because that issue is decided, Trustee may move forward with sale efforts assured that the Mining Assets are property of the estate. The adversary proceeding was adjudicated in the Trustee's favor, so the Contested Matters relating to the disposition of the Mining Assets that were stayed by the September 22, 2014 stay order are now appropriate for consideration.

A chapter 7 trustee's duty is to liquidate assets of the estate. 11 U.S.C. § 704(a)(1). Because the judgment determined a critical element in the case—Mining Asset ownership—Trustee may proceed with his duties. On April 8, 2015, the court, having found the counter-claim was unrelated to the adversary proceeding complaint claims for relief, and having entered the Judgment, *sua sponte* bifurcated the counter-claim, established a separate adversary proceeding number (15-1040), issued a summons, and ordered counter-claimants to pay the adversary proceeding filing fee.

**Rule 54(b) Findings and Conclusions.** Based on the foregoing, the Court finds:

(a) the adjudication of the Complaint did not adjudicate any claim or issue in the counter-claim and does not affect the counter-claim or any of its claims and/or issues;

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

(b) the claims of the Complaint are finally adjudicated and the counter-claim has been severed from this adversary proceeding;

(c) there is no just reason to delay entering Judgment on the Complaint;

(d) there is no risk of inconsistent judgments or duplicative appeals; and

(e) the Judgment was final as of the date it was entered, April 2, 2015.

**Time for Filing Notice of Appeal enlargement.** Because these findings were not entered contemporaneously with the Judgment on April 2, 2015, the parties were uncertain whether the Judgment was final and appealable. Because of that uncertainly, and because *nunc pro tunc* entry could reducing the time for perfecting any notice of appeal and thereby prejudice Defendants, at the hearing Defendants moved under Fed. R. Bankr. Proc. Rule 8002(c) to enlarge the time to file a notice of appeal, ~~to fourteen days after entry of the order on the motion. That motion is granted and the time for filing a notice of appeal from the April 2, 2015, Judgment is extended to fourteen days after entry of the order granting this motion.~~ The proposed order misstates the ruling as stated on the record. ~~The court will file a separate order.~~ The time for appeal of the April 2, 2015 summary judgment ruling is extended to April 23, 2015 which is 14 days after the hearing on this motion. Defendant's counsel was so advised at the hearing.

Dated: Apr 22, 2015

_W. Richard Lee_
W. Richard Lee
United States Bankruptcy Judge

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309